The opinion of the court was delivered by
DeBlanc, J.
On the 5th of May, 1871, the Louisiana National Bank loaned the State — to assist it in stopping crevasses, the sum of $20,000, and — to pay that sum — an appropriation was made by the Legislature on the 5th of March 1872. Under that appropriation, and in settlement of said loan and the interest which had accrued on it, the Auditor gave to the bank his warrant for $21,751.10c. With that warrant and a small amount in cash, plaintiff liquidated the price of twenty nine bonds sold to it under act No. 81 of 1872, and which had been issued by the State, on the 1st of July 1857, to the free-school fund. These facts are tacitly admitted by defendant, and fully established by the evidence.
The Bank applied to the Board of liquidation to do one of two things — to either fund the twenty-nine bonds purchased by it, or to issue consols for the amount of the warrant representing the loan made to the State in 1871, and which was surrendered in part settlement of the price of said bonds.
This court having held that the sale of the school bonds is an absolute nullity — 29 A. 77 — the Board properly refused to accede to the first of the Bank’s demands, but it should have granted the other. The loan was made to protect the State against the impending disasters of an overflow, and is — of this there can be no reasonable doubt — a valid and outstanding claim against it.
The only defence opposed to the alternative application of the Bank is that the Auditor’s warrant surrendered as the price of the school1 bonds is in the public treasury, and can be taken therefrom but by direction of the Legislature. That defence is not tenable: the fact that the State is in possession of the evidence of one of its indisputable liabilities, is an additional reason why the as yet unsatisfied and already surrendered warrant should be funded. The State is justly entitled to the possession of the school bonds, but it could not justly keep the money loaned, the warrant delivered for that loan, the cake and the picayune.
*1357 In. substance, the decree of the lower court is strictly correct: in form, it is not as complete as it should have been.
It is therefore ordered, adjudged and decreed that the judgment appealed from is amended, and the Board of liquidation ordered to fund the claim evidenced by warrant No. 2222, now deposited in the State Treasury, and drawn by the Auditor to the order of the Louisiana National Bank, on the 31st of May 1872.
It is further ordered, adjudged and decreed that, as amended, the judgment appealed from is affirmed with costs.